# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT ALVAREZ,      :<br>  Petitioner,         :<br>                      :<br>         v.           :      CIVIL ACTION NO. 19-CV-4901<br>                      :<br>RESPONDENT, *et al.,* :<br>  Respondents.        : | |

## ORDER

**AND NOW**, this 5th day of February, 2021, upon consideration of the Petition for Writ of Habeas Corpus (Doc. No. 2); Respondents' Response in Opposition (Doc. No. 21), the November 24, 2020 Report and Recommendation of Magistrate Judge Marilyn Heffley (Doc. No. 25), Petitioner's Objections (Doc. No. 27), and after a thorough and independent review of the record, I find as follows:

**Factual Background**

1. On October 23, 2012, following a jury trial, Petitioner was convicted in the Philadelphia County Court of Common Pleas of rape of a child, involuntary deviate sexual intercourse ("IDSI") of a child less than thirteen years old, unlawful contact with a minor, sexual assault, and corruption of a minor.[1] Petitioner represented himself with the assistance of stand-by counsel.

2. On June 28, 2013, the trial court imposed consecutive mandatory minimum sentences of twenty-five to fifty years' incarceration for the charges of rape of a child, IDSI of a person less than thirteen years of age, and unlawful contact with a minor. Additionally, the trial

---

[1] The facts underlying Petitioner's conviction are summarized at length in the Report and Recommendation, and I incorporate them by reference.

court imposed two and one-half to five years' imprisonment on the charge of corruption of a minor count.

3. Petitioner filed a timely appeal and, with the assistance of appointed counsel, alleged claims of (1) sufficiency of the evidence, (2) prosecutorial misconduct, (3) excessive sentence, and (4) improper sentencing. The Pennsylvania Superior Court affirmed the judgment of sentence on April 10, 2015, and Petitioner did not appeal to the Pennsylvania Supreme Court.

4. On May 6, 2016, Petitioner filed a *pro se* petition pursuant to the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. §§ 9541–9546, *et seq.* Counsel was appointed but moved to withdraw pursuant to Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. Ct. 1998) and Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988). The PCRA court dismissed the petition and, on September 9, 2019, the Pennsylvania Superior Court affirmed the dismissal.

5. Petitioner filed the current Petition for Writ of Habeas Corpus on October 6, 2019, alleging that he was tried and convicted of rape of a child and IDSI with a child (18 Pa.C.S. § 3121(c) and 18 Pa.C.S. § 3123(b)), but was never formally and specifically charged with those offenses. Rather, he claims to have been charged only with rape and IDSI by forcible compulsion (18 Pa.C.S. § 3121(a)(1) and 18 Pa.C.S. § 3123(a)(1)).

6. I referred the case to United States Magistrate Judge Marilyn Heffley for a Report and Recommendation ("R&R"). In her November 24, 2020 R&R, Judge Heffley carefully reviewed the ruling by the Pennsylvania Superior Court, as well as the state court record. She found that although Petitioner was originally charged with the general crimes of rape and IDSI, the bills of information, generated a month before trial, clearly stated that the

    Commonwealth would proceed under the subsections of each statute involving rape and IDSI with a child less than thirteen years of age.  In turn, Judge Heffley concluded that Petitioner's claim that he had no notice of the charges for which he was convicted lacked merit.

7. On December 6, 2020,[2] Petitioner filed objections to the R&R.

**Standard of Review**

8. Under 28 U.S.C. § 636(b)(1)(B), a district court judge may refer a habeas petition to a magistrate judge for proposed findings of fact and recommendations for disposition. When objections to a Report and Recommendation have been filed, the district court must make a *de novo* review of those portions of the report to which specific objections are made. 28 U.S.C. § 636(b)(1)(C); Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). In performing this review, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

**Discussion**

9. Petitioner's objection simply rehashes, at some length, his habeas claim that his trial was "fixed."  Specifically, he asserts that he had been arraigned on the charges of rape and IDSI by forcible compulsion, but the trial court instructed the jury on the separate and distinct charges of rape of a child and IDSI with a child.  According to Petitioner, he was then unlawfully sentenced on those latter charges.

---

[2]     Petitioner's objections were not received by this Court until December 29, 2020, but were dated December 6, 2020.  Under the prisoner mailbox rule, these objections are deemed filed on the date he delivered it to prison officials for mailing.  Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998).

10. I find no merit to this argument. As noted in the R&R, the Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be informed of the nature and cause of the accusation." U.S. Const. amend VI. "It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as 'those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished.'" Hamling v. U.S., 418 U.S. 87, 117 (1974) (quoting U.S. v. Carll, 105 U.S. 611, 612 (1882)). "Undoubtedly the language of the statute may be used in the general description of an offence, but it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offence, coming under the general description, with which he is charged." Id. at 117–18 (quoting U.S. v. Hess, 124 U.S. 483, 487 (1888)).

11. "[T]he [United States] Supreme Court has determined that a charge or Bill of Information satisfies due process when it contains the elements of the crime, permits the accused to plead and prepare an adequate defense, and allows the disposition to be used as a bar in a subsequent prosecution." McCalvin v. Mooney, No. 14-cv-572, 2014 WL 7008584, at *2 (E.D. Pa. 2014) (quotations omitted). "Due process, therefore, requires that an amendment [to the Bills of Information] provide a defendant sufficient notice of the charges against him such that he can defend against the charges. Edwards v. Rozum, No. 07-cv-1736, 2008 WL 351905, at *9 (E.D. Pa. Feb. 7, 2008), aff'd on other grounds, 337 F. App'x 235 (3d Cir. 2009).

12. Here, the Bills of Information expressly stated:

    Count 1                  Rape Forcible Compulsion – (F1)

    Offense Date: 7/3/2010     18 § 3121 §§ A1

> Engaged in sexual intercourse with a complainant:
> (1) By forcible compulsion or
> (2) Where the complainant was less than 13 years of age.
> . . .
> Rape of a Child: Notice is hereby given that the Commonwealth intends to proceed under 18 § 3121(c), (d) & (e) providing that rape of a child less than 13 years of age shall be punishable by a maximum of 40 years imprisonment and rape of a child less than 13 years of age resulting in serious bodily injury shall be punishable by a maximum sentence of life imprisonment.
> . . .
> Count: 2                    IDSI Forcible Compulsion – (F1)
>
> Offense Date: 7/3/2010      18 § 3123 §§A1
>
> Engaged in deviate sexual intercourse with a complainant:
> (1) By forcible compulsion; or
> (2) Who was less than 13 years of age.
>  . . .
> Involuntary Deviate Sexual Intercourse with a Child[:]  Notice is hereby given that the Commonwealth further intends to proceed under 18 §§ 3123(b), (c) & (d) providing that involuntary deviate sexual intercourse with a child less than 13 years of age shall be punishable by a maximum of 40 years imprisonment and involuntary deviate sexual intercourse with a child less than 13 years of age resulting in serious bodily injury shall be punishable by a maximum sentence of life imprisonment.

(Resp.'s Opp'n Habeas Corpus, Ex. C.)

13. As recognized by both the state courts and the R&R, these Bills of Information, generated a month before Petitioner's trial, clearly gave Petitioner notice that the Commonwealth intended to proceed on the rape and IDSI charges under the sections involving a child less than thirteen years of age.

14. In turn, I agree with the R&R that the state courts' denial of Petitioner's Sixth Amendment claim was neither contrary to nor an unreasonable application of federal law. See 28 U.S.C. § 2254(d) (stating that a federal court shall not grant habeas relief unless the state courts' adjudication of petitioner's constitutional claims resulted in a decision that was contrary to

or an unreasonable application of clearly established federal law, or resulted in a decision that was based on an reasonable determination of the facts in light of the evidence presented at the state court proceeding).

**WHEREFORE**, it is hereby **ORDERED** that:

1. The Report and Recommendation is **APPROVED** and **ADOPTED**.

2. The Petition for Writ of Habeas Corpus is **DENIED** with prejudice and **DISMISSED** without an evidentiary hearing.

3. There is no probable cause to issue a certificate of appealability.

4. The Clerk of Court shall mark this case **CLOSED**.

BY THE COURT:

*/s/ Mitchell S. Goldberg*
**MITCHELL S. GOLDBERG, J.**